## Newsome v. Sword et al.

(Decided October 30, 1931.)

C. B. WHEELER for appellant.

J. N. HAMILTON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

This controversy involves the proper location of a division fence between the lands of the appellant, whom we shall call the defendant, and the appellee, whom we shall call the plaintiff, as those are the positions they occupied in the trial court. The plaintiff was successful, and the defendant has appealed.

The defendant claims the line between these properties "begins at a large beech tree standing on the south

side of the public road on the bank above the plaintiff's residence running thence across Big Mud creek and adjacent low lands to the mouth of a hollow.''

There does not appear to be much difference between them relative to the proper end of these lines, or as to these corners, but the plaintiff is claiming the line to be where an old fence was until recently, and is claiming all the land on his side of that fence by adverse possession. The plaintiff has described this line differently in his petition, but was forced to admit that in a verified petition filed by him in some previous litigation, in 1885, he had described this line as ''beginning at a beech on the lower side of the road, a short distance below the fence, thence across the field to three beeches.'' These three beeches are shown by the record to have stood at the mouth of this hollow. In the various descriptions in this record, this corner is referred to as ''three beeches,'' ''mouth of a drain,'' and ''mouth of a hollow.'' Plaintiff describes this line thus in his petition:

''Thence running up with the county road to Martha Mitchell's line; crossing Big Mud Creek, with said Martha Mitchell's line.''

In the deed from Hiram Akers to Martha Mitchell it is thus described:

''Beginning on a white oak tree standing on the upper side of big mud road thence a straight line across the creek and field to a rock cliff near the mouth of a small drean.''

Martha Mitchell sold her land to Emert Hamilton, and he says this in his deposition:

''I was having some ground cleared up on the right hand side of the road and West Sword (Marion's son) was doing the work and his wife told me the old man was mad and I told her to tell him to meet me there and he did and showed me the line.

''Q. Did Sword tell you that was the line? A. Yes, Cy Frazier first pointed it out and the old man said yes, that was the line.

''Q. Robert P. Frasure father of Cy once owned the land? A. Yes.

''Q. You say Cy was the one that first pointed it out to you? A. Yes.

"Q. These two points you speak of is the hollow on the left side and the beech on the road that Mr. Newson referred to in his deposition? A. Yes.

"Q. You claimed to that line? A. Yes, sir a straight line from the beech to the hollow."

This line was fenced, but by the frequent floods in this creek valley the fence was often washed away, and in restoring it the true line was deviated from to get the fence on higher ground. Plaintiff now claims by adverse possession the land thus put on his side of the fence. Thus he brings himself squarely within the case of Small v. Hamlet, 68 S. W. 395, 24 Ky. Law Rep. 238, where we said:

"The fence was crooked at the slough, for convenience, and no special care was exercised to get the fence just on the line the rest of the way. The proof brings the case within the rule that where two persons claim to a certain line, and the only question is where the line runs, neither can be said to claim adversely to the other, and evidence can be adduced to prove the location of the line, although more than 15 years has elapsed since a fence was built."

We are unable to distinguish this case from the one just cited. The judgment is reversed, with directions to establish the line between these parties as a straight line from this beech to the mouth of this hollow, and, if the parties cannot agree upon the marking of it between these points, the court will have a surveyor mark that location.

Judgment reversed.